IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| EDWARD MASON, et. al., | ) | CASE NO. 1:06CV00735 |
| | ) | |
| Plaintiffs, | ) | JUDGE SANDRA S. BECKWITH |
| | ) | |
| v. | ) | PLAINTIFFS' MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| ASSET ACCEPTANCE, LLC, | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| Defendant. | ) | |

On March 3, 2007, plaintiffs filed a motion for substitution ("the motion") (Doc. #18) for deceased plaintiff Susan A. Sewell ("Ms. Sewell") because Ms. Sewell died intestate on September 23, 2006 as shown by the suggestion of death filed by Edward A. Icove on March 19, 2007. Sheila J. Walkuski ("Ms. Walkuski") is Ms. Sewell's closet living heir, and she signed a declaration that Ms. Sewell had no assets, and that she will use any funds she receives to pay for the funeral bill. (Doc. #18, Exhibit A).

On April 4, 2007, this Court granted the motion for substitution. (Doc. #19). Thus, Ms. Walkuski steps into the position of Ms. Sewell. *See, Corbin v. Blakenburg*, 39 F.3d 650, 654 (6th Cir. 1994) (successor fiduciary steps into shoes of predecessor).

On April 4, 2007, defendant Asset Acceptance, LLC ("defendant") filed a motion for reconsideration (Doc. #20) arguing: that Ms. Walkuski is not a "proper party" within the meaning of F.R.Civ.P. 25(a)(1); that F.R.Civ.P. 17(a) applies; and that "only a person appointed by a probate court to administer Susan A. Sewell's estate pursuant to Ohio Revised Code. § 2113.06 is the 'proper party' under Rule 25." (Doc. #20 at 3).

F.R.Civ.P. 25 decisions are reviewed under an abuse of discretion standard.

*Bauer v. Commerce Union Bank*, 85 F.2d 438, 441-442 (6th Cir. 1988) (substitution orders are viewed on for abuse of discretion); *Bamirilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153-154 (6th Cir. 1992) (matter of substitutions are within the discretion of the district court); and Moore's Federal Practice, § 25.34[1], pg. 47-49 (3rd ed. 2006). In fact, "[w]hile neither the language of the rule nor the Advisory Committee's discussion expressly limits the court's discretion to substitution of the representative of a deceased defendant, it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rules time limits." *Saylor v. Bestedo*, 623 F.2d 230, 236-237 (2nd Cir. 1980) (court erred in denying motion).  Defendant's position must be rejected because this Court did not abuse its discretion for three reasons.

First, contrary to defendant's claim, F.R.Civ.P. 25(a)(1) does not mandate that a person be judicially appointed to be a "proper party" for substitution.  The rule does not define "proper party" although it indicates that a motion for substitution may be filed by any party or by the "successor or representative of the deceased party."  F.R.Civ.P. 25(a)(1).  The addition of the word "successor" to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate. *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) ("*Rende*") (compelling a plaintiff to "institut[e] machinery in order to produce some representative of the estate *ad litem* " would contravene the purpose of Rule 25.).  Whether a person is a "proper party" is a substantive rather that procedural question as determined by state law.  *See*, Moore's Federal Practice, § 25.12[3], pg. 25-19 (3rd ed. 2006).  This Court's decision is based upon an application of state law.

R.C. § 2117.25 provides how debts are to be paid from an estate.  It provides in relevant part as follows:

(A)  Every executor or administrator shall proceed with diligence to pay the debts of the decedent and shall apply the assets in the following order:

(1)   Costs and expenses of administration;

(2)   An amount, not exceeding four thousand dollars, for funeral expenses that are included in the bill of a funeral director, funeral expenses other than those in the bill of a funeral director that are approved by the probate court, and an amount, not exceeding three thousand dollars, for burial and cemetery expenses, including that portion of the funeral director's bill allocated to cemetery expenses that have been paid to the cemetery by the funeral director.

Thus, if Ms. Walkuski were appointed as an executrix of a no asset estate by the Cuyahoga Country Probate Court, the first debt to be paid are the costs and expenses of administration, and then the funeral bill, which Ms. Walkuski has agreed to pay out of the proceeds of any settlement or verdict.  If Ms. Sewell had any assets, Ms. Walkuski would be the person to inherit under Ohio law.  R.C. § 2105.06(G).  Thus, Ms. Walkuski is the "proper party" under Ohio law to be substituted in this action.

Second, defendant's position regarding the opening of an estate in order to substitute Ms. Walkuski's for her deceased sister constitutes another reason why this Court did not abuse its discretion.  In Cuyahoga County, it costs $151.00 to open an estate.[1]  Ms. Sewell has no assets, and the only purpose of filing of an estate would be to have the probate court order that the proceeds of any settlement or verdict would go towards the payment of the funeral bill after the administrative costs and expenses have been paid.  Thus, the effect of adopting the defendant's position is that the additional

---

[1] *See*: http://probate.cuyahogacounty.us/general.htm.   It is respectfully requested that pursuant to Fed. Evid.R. 201, this Court take judicial notice of the $151.00 filing fee.

expense of administration would lessen the amount of money to be paid towards the funeral. Accordingly, based upon the $1,000.00 cap on damages,[2] the lack of any estate assets, and the utility, time and expense of opening of an estate, this Court did not abuse its discretion in granting the motion.

Third, case law supports the granting of the motion whose sole purpose is to pay part of the funeral bill.   For example, in *McSurely v. McClellan*, 753 F.2d 88 (9th Cir. 1985), the Ninth Circuit Court of Appeals held that the widows of deceased defendants were proper parties within the meaning of the rule, not withstanding that neither widow was ever designated the "legal representative" of her husband's estate since they were distributees of the unprobated estates.   Also, in *Sinito v. U.S. Department of Justice*, 176 F.3d 512, 515 (9th Cir. 1999), *citing* Wright and Miller,  the Court of Appeals held that a "proper party" need not necessarily be appointed executor administrator of the deceased parties estate.   *See also, Rende*, 415 F.2d at 986, and Wright and Miller, § 1956 (3d. Ed. 2006).

Last, defendant's reliance upon F.R.Civ.P. 17 is without merit.   F.R.Civ.P. 17 governs cases of transfer before commencement of suit; and F.R.Civ.P. 25 deals with transfers made within the pendency of an action.   *See*, Moore's Federal Practice, § 25.31[3], pg. 41-42 (3rd ed. 2006).   Defendant's reliance upon F.R.Civ.P. 17 is misplaced, and without merit.

For these reasons, plaintiffs respectfully request that this Court overrule defendant's motion for reconsideration.

---

[2]   Ms. Walkuski does not have a claim for actual damages against defendant.   15 U.S.C. § 1692k(a)(1).   Her claim is for the maximum statutory damages of $1000.00. 15 U.S.C. § 1692k(a)(2)(A).   The factors to take into consideration in awarding statutory damages are contained in 15 U.S.C. § 1692k(c).

Respectfully submitted,

s/Edward A. Icove                              s/Steven C. Shane
Edward A. Icove (0019646)          Steven C. Shane (0041124)
Icove Legal Group, Ltd.                321 Fairfield Ave
Terminal Tower, Suite 627           P.O. Box 73067
50 Public Square                          Bellevue, Ky. 41073
Cleveland, Ohio 44113                 (859) 431-7800
216-802-0000; 802-0002             (859) 431-3100 facsimile
ed@icovelegal.com                     shanelaw@fuse.net
Attorney for Plaintiffs                   Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed electronically this 9th day of April 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Edward A. Icove
Edward A. Icove