IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Mason, et al.,            )
                                 )
           Plaintiffs,           )   Case No. 1:06-CV-735
                                 )
    vs.                          )
                                 )
Asset Acceptance, LLC,           )
                                 )
           Defendants.           )

**O R D E R**

      This matter is before the Court on Plaintiffs Michael Juby and Richard Williams' motion to dismiss their cases without prejudice (Doc. No. 16) and Defendant Asset Acceptance, LLC's motion for reconsideration (Doc. No. 20).  For the reasons that follow, Plaintiffs' motion to voluntarily dismiss their claims is well-taken and is **GRANTED**; Defendant's motion for reconsideration is not well-taken and is **DENIED.**

      Plaintiffs in this case assert individual claims against Defendant Asset Acceptance, LLC pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, et seq. Plaintiffs consist of a number of individuals who opted out of a class action settlement in a related case, Hartman v. Asset Acceptance, LLC, Case No. 1:03-CV-113 (S.D. Ohio)(Beckwith, C.J.).  Complaint ¶ 11.  Having initially decided to proceed

individually against the Defendant, Plaintiffs Michael Juby and Richard Williams now move to voluntarily dismiss their claims without prejudice.  Defendant does not necessarily oppose dismissal of these Plaintiffs' claims without prejudice, but wants the Court to include a condition that they pay a proportionate share of the fees it has already incurred in this action if they later re-file their claims.  Counsel for Plaintiffs oppose Defendant's condition, arguing that it is unnecessary since Juby's and Williams' claims would be barred by the applicable statute of limitations in the event they decide to refile.

On March 19, 2007, while briefing on the motion to voluntarily dismiss was taking place, counsel for Plaintiffs filed a suggestion of death regarding Plaintiff Susan A. Sewell. Doc. No. 17.  On April 3, 2007, Plaintiffs filed a motion pursuant to Rule 25 of the Federal Rules of Civil Procedure to substitute Sheila J. Walkuski, Ms. Sewell's sister, as a party for Ms. Sewell.  Ms. Walkuski's affidavit was attached to the motion.  In her affidavit, Ms. Walkuski states that Ms. Sewell died intestate without a spouse or children, that Ms. Sewell left no assets, and that she is the closest living heir.  The Court granted the motion by marginal notation the following day. Defendant now moves the Court to reconsider its order permitting substitution of parties on the grounds that Ms. Walkuski is not a "proper person" under Rule 25 because she has not been appointed executor of Ms. Sewell's estate.

**A. Motion to Voluntarily Dismiss**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."  The Court will not impose a condition that Plaintiffs Juby and Williams pay a proportionate share of Defendant's fees if they refile their claims.  This case started with forty-one individual Plaintiffs, with presumably a common set of operative facts concerning their claims.  Therefore, it is quite likely that the proportionate share of Defendant's fees attributable to the claims of these two Plaintiffs is <u>de minimis</u>.  In any event, as counsel for Plaintiffs concede, these Plaintiffs' claims would now be barred by the applicable statute of limitations.  Consequently, if these two individual Plaintiffs refile their claims, Defendant could most likely recoup its costs through Rule 11 sanctions.

Accordingly, the claims of Plaintiffs Juby and Williams are **DISMISSED WITHOUT PREJUDICE.**  No other conditions of dismissal will be imposed.

**B. Motion for Reconsideration**

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties."  Defendant contends that the Court should not have allowed substitution of Ms. Walkuski for Ms. Sewell on the

3

grounds that she is not a "proper party" under Rule 25 because she has not been appointed executor of Ms. Sewell's estate. Courts, however, have stated that a party need not necessarily be appointed administrator or executor of the decedent's estate in order to be substituted as a party as long as the substitute is a distributee of the estate. Sinito v. United States Dept. of Justice, 176 F.3d 512, 516 (D.C.Cir. 1999). In Hardy v. Kaszycki & Sons Contr., Inc., 842 F. Supp. 713 (S.D.N.Y. 1993), the district court permitted the decedent's wife to be substituted as party under Rule 25, even though she had not formally been appointed his executor, where he died intestate and there was no dispute that the wife was the primary distributee of his estate. Id. at 816-17. This case is the same as Hardy in all important respects. Ms. Sewell died intestate and with no assets. Defendant does not dispute Ms. Kalkuski's assertion that she is Ms. Sewell's closest living heir, and thus the sole distributee of the estate. The Court sees no value in requiring Ms. Kalkuski to go through the process of being formally appointed Ms. Sewell's executor for the sole purpose of achieving what at best amounts to mere technical compliance with Rule 25. Conversely, the Court sees no prejudice to Defendant, and none is claimed, if Ms. Kalkuski is substituted for Ms. Sewell without a formal appointment as the executor of her estate.

Accordingly, Defendant's motion for reconsideration is not well-taken and is **DENIED.**

**IT IS SO ORDERED.**

Date July 9, 2007                              s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Chief Judge
                                           United States District Court